UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:00-CV-35-M

CARL LANDERS and
LANDERS HORIZONTAL DRILL, INC    PLAINTIFFS

V.

SIDEWAYS, LLC    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a Motion to Amend Judgment [DN 247] and a Motion to Settle the Record [DN 253] by Plaintiffs, Carl Landers ("Landers") and Landers Horizontal Drill, Inc. ("LHD")  Having been briefed by the parties, the matters are ripe for decision.

The Plaintiffs' motion to amend judgment is neither timely, within the scope of the mandate or necessary.  Therefore, it is **denied.**  All issues within the scope of the appealed judgment are incorporated within the scope of the mandate and are precluded from further adjudication.  Odetics, Inc. v. Storage Tech. Corp., 185 F.3d 1259, 1275 (Fed. Cir. 1999). The Plaintiffs claim for pre-judgment interest on the damage award is outside the scope of the remand.  The award of damages was appealed and affirmed. The court is therefore without jurisdiction to amend that award.

The only matters left for further adjudication are: (1) whether the Sideways device infringes on claim 1 of the Landers 056 patent, either literally or under the doctrine of

equivalents. The Court was instructed on remand to give the "guide tracks" limitation its ordinary and customary meaning consistent with the intrinsic evidence; and (2) a determination of a whether the Sideway's device infringes upon claim 33 of the 949 patent once the term "cutter head" is given is ordinary and customary meaning. In the Court's original judgment, no damages were awarded Plaintiff for patent infringement because no infringement was found. If, on remand, the Sideways device is found to infringe, the Court considers it within the scope of the mandate to award infringement damages.

The Plaintiffs' claim for costs is within the jurisdiction of the Court's mandate from the Federal Circuit Court. Bd. of Educ. of State of Fla. v. Am. Bioscience, Inc., 125 Fed. Appx. 284, 286 (Fed. Cir. 2005). However, the issue of costs is more appropriately made at the conclusion of this case since the Court will be in a better position to evaluate which party is the prevailing party under Joint Local Rule 54.3. Thus, a motion for court costs may be re-filed at the end of the case.

The Plaintiff's motion to settle the record is likewise **denied.** However, the Court will refer this matter to the Magistrate Judge to conduct appropriate scheduling conferences and enter necessary scheduling orders for the efficient resolution of the issues remaining in this case. The Court has clarified herein the issues presented to it upon remand. The Court agrees with the Defendant that the record is insufficient to decide those issues, thus, the record will be reopened to allow additional proof as to the ordinary and customary meaning of the terms "cutter head" and "guide tracks." Expert opinion testimony may be necessary and the Court does not intend to preclude the Defendant from offering such testimony simply

because of a ruling made during the earlier trial. With this guidance, the Magistrate can schedule this case appropriately.

U:\documents\LandersMotiontoamend.wpd