UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:00-CV-35-M

CARL LANDERS and
LANDERS HORIZONTAL DRILL, INC                                              PLAINTIFFS

V.

SIDEWAYS, LLC                                                               DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

This case is back before the Court after remand from the United States Court of Appeals for the Federal Circuit. The matter presently before the Court is a Motion for Leave to Amend the Complaint by Plaintiffs, Carl Landers ("Landers") and Landers Horizontal Drill, Inc. ( **"LHD"**) [DN 243]. Having been fully briefed by both parties, the matter is ripe for decision. For reasons discussed below, Plaintiffs' motion for leave to amend is granted in part and denied in part.

**I. Background**

The Federal Circuit Court of Appeals found this Court erred finding that the Sideways device did not infringe on claim 1 of the Landers 056 patent, either literally or under the doctrine of equivalents. The Court was instructed on remand to give the "guide tracks" limitation its ordinary and customary meaning consistent with the intrinsic evidence. Furthermore, the Court erred in construing the term "cutter head" in claim 33 of the 949 patent as a means-plus-function limitation. The Court was instructed on remand to give the

term "cutter head" its ordinary and customary meaning and to redetermine whether the Sideway's device meets that limitation. The Court's findings and conclusions were affirmed in all other respects.

The Plaintiffs seek to amend their complaint in order to include the patent infringement claims, a contact damage claim, and add Sideways' owner, Dr. Henry Mazorow ("Mazorow") and his company, Performance Research and Drilling LLC ("Performance Drilling") as a defendant

## II. Motion to Amend Pleadings

A. Legal Standard

After a responsive pleading has been filed to a complaint, Federal Rule of Civil Procedure 15(a) allows party to file an amended complaint "only by leave of court or by written consent of the adverse party." Inge v. Rock Financial Corp. 388 F.3d 930, 937 (6th Cir. 2004) (quoting Fed. R. Civ. P. 15(a)). Rule 15(a) provides that such "leave shall be freely given when justice so requires." Id. Rule 15 emphasizes that cases should be tried on their merits rather than the technicalities of pleadings, and assumes courts should liberally permit amendments. Inge at 937 (internal citations omitted). In Bridgeport Music, Inc. v. Dimension Films, the Sixth Circuit laid out six factors for courts to consider in determining whether to deny a motion for leave to amend. 410 F.3d 792, 805 (6th Cir. 2005). The Bridgeport factors consist of 1) undue delay in filing to the court; 2) bad faith of the movant; 3) repeated failure to cure deficiencies when given the opportunity, 4) undue prejudice to the defendant; 5) lack of notice to the defendant; and 6) futility of the proposed amendment. Id.

Delay alone is not a sufficient reason to deny a motion to amend, however, when an amendment is sought later in the litigation process, there is an increased burden to show justification for failing to move earlier.  Wade v. Knoxville Utilities Bd. 259 F.3d 452, 459 (6th Cir. 2001).  Furthermore, delay becomes undue at some point which places an unwarranted burden on the court or an unfair burden on the opposing party.  Bridgeport Music, Inc. at 806.  In the post-judgment context, finality of judgments and expeditious termination of litigation should be considered in determining whether leave should be granted.  Morse v. McWhorter, 290 F.3d 795, 800 (6th Cir. 2002).

B.  Analysis

*Proposed Amendment to Add Contract Claim*

Plaintiffs' proposed addition of a breach of contract claim for Sideways' failure to pay a licensing fee, is beyond the scope of the mandate the Federal Circuit gave to this Court on remand.  The Federal Circuit Court affirmed this Court's judgment on all issues except as to two of the findings set forth above.  In a motion for additional findings after the Court entered its judgment, Plaintiffs argued that they were entitled to contractual damages from the date of termination of the License Agreement until the date of repossession.  This Court's June 21, 2004 order denying plaintiffs' motion for additional findings stated in pertinent part:

> . . . from the date that the License Agreement expired until the date of repossession, Sideways was no longer utilizing the Landers horizontal technology and therefore was not in breach of the License Agreement. Consequently, Plaintiffs are not entitled to additional or amended findings regarding damages for Sideways' non-payment of license fees.

Furthermore, the Court construed Count II of the Plaintiff's complaint as a patent

infringement claim, not as a claim for breach of the License Agreement. The Plaintiffs appealed this ruling and the Federal Circuit affirmed this Court's decision. Consequently, any amendment would be futile as it is contrary to the law of the case.

*Proposed Amendment to Add Patent Infringement Claim*

Unlike the proposed contract claim, a claim for patent infringement is within the mandate given this Court from the Federal Circuit. Despite the Defendant's railings that the patent claim should have been asserted as a compulsory counterclaim , a patent infringement was tried and ruled upon in the Court's final judgment. Damages for patent infringement were sought by the Plaintiff. Proof was presented at trial regarding the agreed license fees per state for each year during the period from September 1998 through trial, consistent with the proof as to where and when Sideways used the technology. Plaintiff asserted that the agreed fee would be no "less than a reasonable royalty" under 35 U.S.C. §284, the patent damages statute. The Defendant defended against this claim arguing that there was no infringement and if there was, that the amount of damages sought was not what the Plaintiff claimed. (See Def.'s Resp. to Pls' Post-Trial Br., DN 191, at 33-39]. Sideways never, at any point, took the position that it does now that the Plaintiff never asserted a patent infringement claim.

Federal Rule of Civil Procedure 15(b) allows issues tried on the merits at trial to be treated as if they had been raised in the pleadings. Amendments to conform to the evidence may be made at any time, even after judgment. Therefore, the Plaintiffs motion for leave to assert a patent infringement claim for Landers '949 and '056 patents is granted.

*Joinder of Mazorow and Performance Drilling as Defendants*

Plaintiff's motion to add Mazorow to the litigation is untimely. The Plaintiff had ample time to add parties to the litigation prior to the final December 30, 2002 deadline, yet failed to do so. A litigant's failure to assert a claim or join a party as soon as he is aware of it is a proper factor to consider in denial of leave to amend. See <u>Tenneco Resins Inc.v. Reeves Bros., Inc.</u>, 752 F.2d 630, 634 (Fed. Cir. 1985). The Plaintiffs were aware of Mazorow's involvement with Sideways from the inception of their business relationship. Mazorow, after all, negotiated the License Agreement on behalf of Sideways with Landers which formed the basis of this litigation. The Defendants attempted to add Mazorow to the litigation in January of 2001 and the Plaintiffs opposed Defendant's motion. While delay alone cannot constitute the Court's denial, the undue prejudice to the proposed new defendant and the Court in opening and widening the scope of discovery can. The risk of substantial prejudice increases with the passage of time and here there is no justification that overrides the prejudice the addition of Mazorow would create. <u>Id</u>.

Unlike Mazorow, the Plaintiff may not have known about Performance Drilling's involvement with the patented technology until trial. However, there is no reason they could not have found out earlier. Furthermore, to add Performance Drilling to this litigation after discovery, a trial on the merits and an appeal would amount to substantial prejudice to Performance Drilling. Considering the interests of finality of judgments, expeditious termination of litigation and the scope of the mandate, Plaintiffs' motion for leave to join both Mazorow and Performance Drilling is denied.

## IV. CONCLUSION

For the reasons set forth above and consistent therewith, **IT IS HEREBY ORDERED** that the Plaintiffs' motion for leave of court to amend their complaint is **granted in part** and **denied in part.**

U:\documents\LandersMotions.wpd