UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:00-CV-35-M

CARL LANDERS and
LANDERS HORIZONTAL DRILL, INC                                              PLAINTIFFS

V.

SIDEWAYS, LLC                                                              DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the Court on the issue of the proper construction of two disputed claim terms found in the patents which are at the heart of this litigation. The Federal Circuit Court of Appeals remanded this case with instructions to give the terms "guide tracks" and "cutter head" their ordinary and customary meaning consistent with the intrinsic evidence. The Court held a Markman hearing for this purpose on May 22, 2006.

### I. Discussion

The terms of a patent claim are to be given their ordinary and customary meaning to a person skilled in the art at the time of the patent application. Phillips v. AWH Corp., 415 F.3d 1303, 1312 (Fed. Cir. 2005). To aid the Court in its interpretation are the "words of the claims themselves, the remainder of the specification, the prosecution history, and extrinsic evidence . . ." Id. quoting Brown v. 3M, 265 F.3d 1349 1352 (Fed. Cir. 2001). The Federal Circuit directs district courts to construe claims to be consistent with the intrinsic evidence prior to looking to extrinsic evidence for help. In fact, in this case, the Federal Circuit has

instructed the Court to construe the claim terms consistent with the intrinsic evidence. Intrinsic evidence consists of the words of the claims, the specification and the patent's prosecution history.

A. <u>Ordinary and Customary Meaning of "Guide Tracks"</u>

Landers '056 Patent contains the following claims:

> 1. An apparatus for drilling horizontally into the earth's strata from an opening in the well casing comprising:
>
>> a high pressure fluid nozzle blaster;
>> a flexible conduit having said nozzle blaster on the end thereof;
>> means to transfer fluid at high pressure to said flexible conduit;
>> means to position said nozzle blaster in said opening, said means to position including an elbow providing an inlet and outlet with a passageway therebetween for the nozzle blaster and the flexible conduit;
>> **guide tracks** aligned with the inlet to the passageway, said **guide tracks** guiding the nozzle blaster and the flexible conduit down the well casing thereby moving the nozzle blaster out the outlet into cutting engagement with the well casing;
>> said elbow passageway being configured to guide said nozzle blaster and said flexible conduit as the flexible conduit is fed through the inlet and outlet so that said nozzle blaster can cut a lateral passageway; and means to feed said flexible conduit through said opening.

Defendant Sideways argues the Court should find claim 1 of the '056 patent invalid for indefiniteness under 35 U.S.C. § 112, because there is nothing in the specification which references the term. However, the Federal Circuit specifically stated in its opinion that "the limitation 'guide tracks' is not indefinable merely because the patent specification and prosecution history do not provide a 'clear description' of the term," as the district court appears to conclude." Defendant Sideways points to nothing in the intrinsic evidence to

2

compel a contrary result, thus, the term "guide tracks" must be given its ordinary and customary meaning as the Federal Circuit instructed.

The Federal Circuit suggests that the prior art is a good starting point in determining the ordinary and customary meaning of patent terms. The prior art referenced on the first page of the '056 patent, particularly the Dickinson '039 patent refers to a "guide tube" or "guide pipe" as structures which guide certain apparatus within the tube or pipe to a certain point. The prosecution history reveals an Amendment D Under Rule 312, wherein the applicant added the "guide tracks" feature. The amendment notes that the invention claims "a guide track for guiding the nozzle blaster and flexible conduit down the well casing." Therefore, considering the prior art in the context of the claim, and the other intrinsic evidence, the Court concludes that the ordinary and customary meaning of the term "guide tracks" is a structure which serves to guide an insertable apparatus down a well casing to align the apparatus at a particular point.

B. <u>Ordinary and Customary Meaning of "Cutter Head"</u>

The Federal Circuit found that this Court erred in construing the "cutter head" limitation of claim 33 as a means-plus-function limitation. This Court was instructed to give the term "cutter head" its ordinary and customary meaning. Claim 33 of the '949 patent is stated as follows:

> 33. An apparatus for use with upset tubing having a lower end in a well casing to cut a hole in the wall of the casing and a lateral channel extending outwardly from the casing, the apparatus comprising:
>
> an elbow to be mounted on the upset tubing at its lower end to be lowered into

the well casing, said elbow providing an inlet and outlet with a passageway therebetween, said inlet opening upwardly in the upset tubing and said outlet opening outwardly toward the wall of the casing;

a motor, a flexible shaft and a cutter head, said flexible shaft extending between the motor and the **cutter head** to provide a rotary drive connection, said flexible shaft and **cutter head** being movable through the passageway to have the **cutter head** engage the well casing adjacent the outlet to cut a hole in the casing; and,

a cutting nozzle and hose configured to be lowered into the elbow passageway to exit the outlet and cut the lateral channel outwardly from the hole by fluid pressure from the nozzle.

Sideways argues that the term "cutter head" has been limited by the patent's specification which shows a "ball cutter." In the summary of the invention, only a "ball cutter" is mentioned. Furthermore, the preferred embodiment section refers to a "ball cutter." Sideways cites Nystrom v. Trex Co., Inc., 424 F.3d 1136 (Fed. Cir. 2005), as support for its contention that the narrower definition be followed. Sideways also offers the testimony of Michael Finn, an expert in metallurgic engineering and machining tools, who concludes that the term "cutter head" means only a "ball cutter" to those skilled in the machine tool industry.

The Court rejects Sideways arguments to limit the term "cutter head" to only a "ball cutter." The most significant reason for rejecting Sideway's construction is set forth on page seven of the opinion of the Federal Circuit, wherein the court stated "[u]nder the doctrine of claim differentiation, it is presumed that different claims will have different scopes." Claim 34 limits the "cutter head" cited in claim 33 to a "ball cutter." As noted by the Federal Circuit, claim differentiation is not an absolute, but it works against the Defendant's

4

interpretation of the term. Also, references to a preferred embodiment in a specification are not claim limitations. <u>Sandisk Corp. v. Memorex Prod., Inc</u>. 415 F.3d 1278, 1286 (Fed. Cir. 2005). The Court believes the Defendant's reliance on <u>Nystrom</u> is misplaced. <u>Nystrom</u> simply stands for the rule that is improper to read a term to encompass a meaning broader than one meant by the inventor just because the meaning can be found in an extrinsic source like a dictionary. 424 F.3d at 1145. Such is not the case here. Lastly, the Court chooses not to consider the extrinsic evidence offered by Mr. Finn. Notwithstanding Plaintiff's objections that Mr. Finn is not skilled in the requisite art, the Court finds that the ordinary and customary meaning of the term "cutter head" can be determined from the intrinsic evidence.

If it is clear from the prosecution history and supported by the context of the patent language itself, a broad interpretation over a narrow one is presumed. See <u>Phillips</u>, 415 F.3d at 1315. The prior art referenced in the '949 patent and contained in the prosecution history refers to various cutting tools, cutter heads, cutting elements, and drilling tools attached to the end of rotating flexible shafts. The various cutting tools have been referred to as drill bits, drill heads, mills and saws, all designed to perform the function of puncturing an underground well casing. <u>See</u> U.S. Patent Nos. 2,258,001 (issued Oct. 7, 1941); 2,516,421 (issued July 25, 1950); 4, 051,908 (issued Oct.4, 1977); 4,185,705 (issued Jan. 29, 1980); 4,658, 916 (issued April 21, 1987). Based upon the prior art and the other intrinsic evidence, the Court finds the ordinary and customary meaning of the term "cutter head" in claim 33 of the Landers '949 patent, as it would be interpreted by one of ordinary skill in the art, to be

a rotary driven tool for cutting well casing which attaches to the head of a flexible shaft.

### III. Conclusion

For the aforementioned reasons, the Court construes "guide tracks" to mean "a structure which serves to guide an insertable apparatus down a well casing to align the apparatus at a particular point" and "cutter head" to mean "a rotary driven tool for cutting well casing which attaches to the head of a flexible shaft."

cc: Counsel of Record

U:\documents\Landers\LandersMarkmanOpn400cv35.wpd